# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

VICTOR I. LEWKOW
LEE C. BUCHHEIT
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
EDWARD J. ROSEN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.

JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON

JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
RESIDENT PARTNERS

SANDRA M ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
RAHUL MUKHI
NEIL R. MARKEL
HUMAYUN KHALID
KENNETH S. BLAZEJEWSKI
ANDREA M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial: (212) 225-2508
E-Mail: cboccuzzi@cgsh.com

June 8, 2018

BY ECF

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Daniel Valente Dantas, et al. v. Citibank, N.A., et al.*, No. 17-cv-1257

Dear Judge Stein:

    This firm represents the defendants *Citibank, N.A., et al.* (the "Citibank defendants") in the above-referenced action. We write on behalf of the Citibank defendants pursuant to Your Honor's Order dated May 24, 2018, to address the existence of subject matter jurisdiction in this Court under the Edge Act, 12 U.S.C. 632 ("Section 632"). As explained in this letter, this Court has subject matter jurisdiction to decide the Citibank defendants' pending motion to dismiss plaintiffs' 2017 Complaint.[1]

    Section 632 states in relevant part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, . . . or out of other international or foreign financial operations, either directly or through the agency, ownership, or

---

[1] Unless otherwise indicates terms have the definitions assigned in the Citibank defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint, dated April 26, 2017.

The Honorable Sidney H. Stein, p. 2

> control of branches or local institutions . . . in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits....

As explained by the Second Circuit, for the requirements of Section 632 to be satisfied, and Edge Act jurisdiction exist, an action must "(1) be a civil suit, (2) have a federally chartered corporation as a party, and (3) arise 'out of transactions involving international or foreign banking, [including territorial banking], or out of international or foreign financial operations.'" *Wilson v. Dantas*, 746 F.3d 530, 535 (2d Cir. 2014) (citation and internal quotation marks omitted); 2017 Compl. ¶ 33 (pleading elements of Edge Act jurisdiction).

Here, as in *Wilson*, all three requirements are satisfied. The first two requirements are plainly satisfied "because this is a civil suit and Citibank is a federally chartered U.S. bank." 746 F. 3d at 535; 2017 Compl. ¶ 50 (identifying Citibank as a "national banking association"). *See also Simmtech Co. v. Citibank, N.A.*, No. 13 Civ. 6768 (KBF), 2013 WL 6334367 (S.D.N.Y. Dec. 4, 2013) (finding Edge Act jurisdiction in civil action against Citibank alleging fraud arising out of foreign currency trading). And as in *Wilson*, the third element is also satisfied because this civil action "arises out of" offshore banking or financial transactions of Citibank; namely, Citibank's multi-million dollar investments, in the form of debt and equity, into various Brazilian companies. 2017 Compl. ¶¶ 56-58 (describing investments by Citibank, alongside Brazilian pension funds and Opportunity, into Brazilian portfolio companies). These are the precise same "international or foreign financial operations" as were at issue in *Wilson*, described by the Second Circuit as the "international investment program that made numerous transactions involving private-equity investments in Brazilian companies." *Wilson*, 746 F.3d at 535. *See also id.* at 534 (describing investments by Citibank through its affiliate IEII and vehicles managed by Dantas).

There is a sufficient nexus between plaintiffs' purported claims here (duress, malicious prosecution and conspiracy to commit malicious prosecution) and Citibank's "foreign or international financial operation[s]" such that this action can be said to "arise out of" those operations. *See* May 24 Order (directing parties to focus on this question). The gravamen of all these claims is that in order to obtain "valuable rights to certain investment proceeds," 2017 Compl. ¶ 25, the Citibank defendants acted tortiously against plaintiffs. Thus, plaintiffs assert that Citibank purportedly coerced them into entering into the 2008 Settlement Agreement through which plaintiffs gave up to Citibank the "Highlake Proceeds," 2017 Compl. ¶¶ 189, 269-71, *i.e.*, equity interests in an entity capitalized by Citibank in 2004. *Cf. Wilson*, 746 F.3d at 535 (citing *Stamm v. Barclays Bank of N.Y.*, 960 F. Supp. 724, 728 (S.D.N.Y. 1997) for definition of "financial operations" as "those operations that provide . . . capital or loan money as needed to carry on business"). All of this plainly "arises out of" the investment program found in *Wilson* to constitute the "international or foreign financial operations" necessary for there to be Edge Act jurisdiction. *See also Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 214-16 (S.D.N.Y. 2005) (Edge Act jurisdiction over dispute alleging breach of contract and fraud claims in connection with sale of shares in foreign corporations); *General Star Indemnity Co. v. Platinum Indemnity Ltd. Bank of Am., N.A.*, No. 00 Civ. 4960 (LMM), 2001 WL 40763 (S.D.N.Y. Jan. 17, 2001) (Edge Act jurisdiction over action seeking declaration of obligations under reinsurance contract where assignee of rights was an Edge Act entity).

The Honorable Sidney H. Stein, p. 3

And whereas in the *Wilson* case, Wilson claimed that Citibank's entry into the 2008 Settlement Agreement constituted aiding and abetting a breach of fiduciary duty by Dantas, 746 F.3d at 536, here Dantas claims that he was wrongfully coerced by Citibank into entering that very same agreement. 2017 Compl. ¶¶ 288-311. Both claims are meritless. However, for purposes of the jurisdictional inquiry, the holding by the Second Circuit that Edge Act jurisdiction existed over Wilson's claim *a fortiori* requires the conclusion that jurisdiction exists over the claims here. Just as Wilson's claim with respect to the 2008 Settlement Agreement arose from the investment program, so too plaintiffs' claims here arise from that very same program – indeed, the exhaustive listing of agreements, entities and circumstances listed in Section 2.1(b) of the 2008 Settlement Agreement reflects the parties' description of all aspects of the investment program. *See* 2008 Settlement Agreement § 2.1(b).

This reasoning applies as well to the malicious prosecution claims – like the claim for duress, they arise from Citibank's and Dantas's conduct of the investment program (indeed, the investment program was the only way in which Citibank was connected to Dantas). *See, e.g.*, 2017 Compl. ¶¶ 16, 133-39 (alleging as gravamen of malicious prosecution claims that Citibank used the so-called "altered Mensalao report" – the only purported link between Citibank and any alleged prosecution of Dantas – in fight with Dantas over control for Brasil Telecom, the largest of the portfolio companies).

For the foregoing reasons, this Court has jurisdiction over the present action pursuant to Section 632.

Respectfully submitted,

Carmine D. Boccuzzi, Jr.

cc:   Philip Korologos, Esq.

3